IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SIMPSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ARTHUR C. SIMPSON, APPELLANT.

Filed February 28, 2023.    No. A-22-410.

Appeal from the District Court for Douglas County: DUANE C. DOUGHERTY, Judge. Affirmed.

Arthur C. Simpson, pro se.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

MOORE, Judge.

## I. INTRODUCTION

Arthur C. Simpson appeals from the order of the district court for Douglas County, which denied his motion for postconviction relief without an evidentiary hearing and also denied his motion for appointment of postconviction counsel. For the reasons set forth herein, we affirm.

## II. STATEMENT OF FACTS

### 1. CONVICTION AND DIRECT APPEAL

Following a jury trial in 2019, Simpson was convicted of assault by strangulation, negligent child abuse, unlawful discharge of a firearm, and use of a deadly weapon (firearm) to commit a felony. The district court imposed sentences totaling 35 to 55 years' imprisonment.

On direct appeal, Simpson claimed that the court erred in (1) denying his motion to suppress the victim's identification of him, (2) denying his motions in limine regarding references

to him being on parole and regarding an expert opinion, (3) allowing extensive testimony regarding the victim's history, (4) not ensuring he was properly arraigned or advised on the amended information (amendment made to dates charged just prior to State's rest), and (5) imposing excessive sentences. Simpson also claimed that he received ineffective assistance of trial counsel when his counsel (1) failed to object to the court taking judicial notice of a nonadjudicated fact; (2) failed to object to the victim's extensive, irrelevant, and prejudicial testimony about her background; (3) failed to object regarding Simpson's prior bad acts after having his motion in limine sustained; (4) failed to address the issues regarding Simpson's illegal sentence; and (5) because Simpson did not believe that his attorney was effective. With respect to the first five assigned errors, this court found no error or abuse of discretion by the trial court. We also rejected Simpson's first four claims of ineffective assistance of trial counsel on the merits and found that his fifth claim lacked the specificity required by *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). We note that Simpson was represented by different counsel at trial and on direct appeal. Further details with respect to the trial evidence and our analysis of the issues on direct appeal are set forth in our memorandum opinion. See *State v. Simpson*, No. A-19-923, 2020 WL 6437702 (Neb. App. Nov. 3, 2020).

## 2. POSTCONVICTION PROCEEDINGS

On October 18, 2021, Simpson filed a pro se motion for postconviction relief. He subsequently filed an amended motion for postconviction relief, setting forth various layered claims alleging that his trial counsel provided ineffective assistance in certain respects and that his appellate counsel was ineffective by failing to raise such claims of ineffective assistance on direct appeal. He also alleged that his appellate counsel was ineffective for failing to advise him that he had to file a petition for further review with the Nebraska Supreme Court.

Simpson also filed motions to proceed in forma pauperis (IFP) and seeking appointment of postconviction counsel. After the district court granted his motion to proceed IFP but denied his motion for appointment of counsel, Simpson filed another motion seeking appointment of postconviction counsel. The court denied Simpson's second motion for appointment of counsel "until there has been a determination as to the necessity of an evidentiary hearing."

On May 18, 2022, the district court entered an order, denying Simpson's motion for postconviction relief without an evidentiary hearing. The court addressed Simpson's claims, and it determined that they were either refuted by the record or did not otherwise warrant an evidentiary hearing. The court again denied Simpson's motion for appointment of postconviction counsel.

## III. ASSIGNMENTS OF ERROR

Consolidated and restated, Simpson asserts that the district court erred in (1) denying his motion for postconviction relief without holding an evidentiary hearing and (2) failing to appoint postconviction counsel to represent him.

## IV. STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his

or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Lessley*, 312 Neb. 316, 978 N.W.2d 620 (2022).

An appellate court reviews the failure of the district court to provide court-appointed counsel in a postconviction proceeding for an abuse of discretion. *State v. Oliveira-Coutinho*, 304 Neb. 147, 933 N.W.2d 825 (2019).

## V. ANALYSIS

### 1. DENIAL OF POSTCONVICTION RELIEF

Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable. *State v. Lessley, supra*. In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *Id.*

The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution. *State v. Jennings*, 312 Neb. 1020, 982 N.W.2d 216 (2022). An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Miranda*, 313 Neb. 358, 984 N.W.2d 261 (2023). To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* To show prejudice under the prejudice component of *Strickland v. Washington, supra*, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *State v. Miranda, supra*. A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome. *State v. Lessley*, 312 Neb. 316, 978 N.W.2d 620 (2022). The likelihood of a different result must be substantial, not just conceivable. *Id.* The two prongs of the test under *Strickland v. Washington, supra*, may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *State v. Lessley, supra*.

Simpson assigns that the court erred by denying his motion for postconviction relief without holding an evidentiary hearing, arguing that his appellate counsel was ineffective, including in failing to assign as error that his trial counsel was ineffective in various regards. This is Simpson's first opportunity to assert ineffective assistance of appellate counsel. A claim of

ineffective assistance of appellate counsel which could not have been raised on direct appeal may be raised on postconviction review. *State v. Stelly*, 308 Neb. 636, 955 N.W.2d 729 (2021).

When analyzing a claim of ineffective assistance of appellate counsel, courts usually begin by determining whether appellate counsel failed to bring a claim on appeal that actually prejudiced the defendant. *State v. Johnson*, 298 Neb. 491, 904 N.W.2d 714 (2017). That is, courts begin by assessing the strength of the claim appellate counsel failed to raise. *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015). Counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *State v. Johnson, supra.* When a case presents layered ineffectiveness claims, an appellate court determines the prejudice prong of appellate counsel's performance by focusing on whether trial counsel was ineffective under the test in *Strickland v. Washington, supra.* *State v. Sellers, supra.* If trial counsel was not ineffective, then the defendant suffered no prejudice when appellate counsel failed to bring an ineffective assistance of trial counsel claim. *Id.*

We now turn to the specific allegations of ineffective assistance of appellate counsel Simpson raises in the present appeal.

### (a) Violation of Right to Confrontation

Simpson alleged that his appellate counsel should have raised the issue of his trial counsel's ineffectiveness for violating his right to confrontation by allowing testimonial statements of several non-testifying witnesses. He appears to refer to statements made by certain individuals in police reports attached to his postconviction motion. See *State v. Roebuck*, 31 Neb. App. 67, 976 N.W.2d 218 (2022) (Confrontation Clause only applies to testimonial statements; term "testimonial" applies to prior testimony at preliminary hearing, before grand jury, or at a former trial, and to police interrogations). The police reports were not admitted into evidence at trial, and he does not specifically identify what trial testimony constituted testimonial statements to which his trial counsel should have objected. His allegations of deficient performance were not sufficient to warrant an evidentiary hearing on this claim. Further, his allegations do not show a reasonable probability that he would have been acquitted but for his trial counsel's failure to object on confrontation grounds to this unidentified testimony. The district court properly denied an evidentiary hearing on this claim.

### (b) Failure to Challenge Testimony

Simpson alleged that his appellate counsel was ineffective for failing to allege that his trial counsel was ineffective for failing to challenge the "false" or "staged" testimony of various named witnesses and the "inadmissible" ShotSpotter evidence. His allegations in this regard are insufficient to establish either deficient performance or prejudice. Simpson made general, conclusory allegations that the testimony of certain witnesses was false or that certain evidence was admissible, but he did not provide supporting facts to show what portions of testimony were false or inadmissible or what meritorious challenges his trial counsel could have made to that evidence. See *State v. Jennings*, 312 Neb. 1020, 982 N.W.2d 216 (2022) (evidentiary hearing is not required when motion alleges only conclusions of fact or law without supporting facts). Further, Simpson did not make specific allegations with respect to prejudice showing a reasonable

probability of his acquittal but for his trial counsel's failure to challenge certain testimony and evidence. An evidentiary hearing was not warranted on this claim.

### (c) Failure to Investigate or Subpoena Certain Evidence

Simpson alleged that his appellate counsel was ineffective for failing to allege that his trial counsel was ineffective for failing to investigate and subpoena certain evidence, such as shell casings, DNA, fingerprints, and phone records. In his brief on appeal, Simpson does not present any arguments with respect to phone records, and we do not address that portion of his claim further. See *State v. Jennings, supra* (to be considered by appellate court, alleged errors must be both specifically assigned and specifically argued in brief of party asserting errors). With respect to his trial counsel's failure to subpoena or investigate shell casings, DNA, and fingerprint evidence, Simpson only alleged that his counsel's failure deprived him of "the ability to establish an affirmative defense that would of [sic] resulted in his acquit[t]al" and prevented him from "proving his actual innocence." Presumably, Simpson's argument is that if his trial attorney had had the shell casings at issue tested for DNA and fingerprints, the absence of any physical evidence tying him to the shell casings would have resulted in his acquittal.

Simpson has not shown a reasonable probability that his trial counsel's failure to conduct such investigation or his appellate counsel's failure to raise the issue on appeal would have produced a different result. As the State observes, a lack of Simpson's DNA or fingerprints on the shell casing would not establish that he was not the shooter (he could have worn gloves, simply not transferred any identifiable fingerprints or DNA, or someone else could have loaded the weapon). And, given the strength of the State's evidence at trial (the victim's identification of Simpson, her numerous documented injuries, evidence of damage to the residence, shell casings located outside, baby found with a neighbor, and GPS evidence of Simpson being in the vicinity during the relevant time), he has not shown that the lack of his DNA or fingerprints on the shell casings would have changed the result. This claim was properly denied without an evidentiary hearing.

### (d) Failure to Call Alibi Witness

Simpson alleged that his appellate counsel was ineffective for failing to allege that his trial counsel was ineffective for failing to call an alibi witness, Devonne Rogers. According to Simpson's postconviction motion, Rogers could have testified about the victim's "jealous rages" and that Simpson was with her "during the time testified to in reports and trial testimony of shots fired."

To warrant an evidentiary hearing based on counsel's failure to make an alibi defense, the defendant must allege something more than the broad factual conclusion that there was some unspecified evidence that would have shown the defendant was not in the vicinity at the time of the crime. *State v. Munoz*, 309 Neb. 285, 959 N.W.2d 806, cert. denied ___ U.S. ___, 142 S. Ct. 370, 211 L. Ed. 2d 197 (2021). In a motion for postconviction relief, a defendant is required to specifically allege what the testimony of potential witnesses would have been if they had been called at trial in order to avoid dismissal without an evidentiary hearing. *State v. Lessley*, 312 Neb. 316, 978 N.W.2d 620 (2022). Absent specific allegations, a motion for postconviction relief

effectively becomes a discovery motion to determine whether evidence favorable to a defendant's position actually exists. *Id.*

The district court observed that the information set forth in Simpson's motion was limited and provided very little detail, and it concluded that an evidentiary hearing was unnecessary, especially considering the strength of the evidence at trial. We agree. Simpson set forth only general, conclusory allegations with respect to this claim and did not provide the detail necessary to warrant an evidentiary hearing. Simpson only alleged that Rogers would testify she was with him during the time of the incident, but he does not allege any further details such as her testimony regarding their location or even that they were not in the vicinity of the occurrence. Further, he did not allege that there was a reasonable probability that he would have been acquitted absent his trial counsel's alleged deficiency. The district court did not err in denying Simpson's motion without an evidentiary hearing on this claim.

### 2. FAILURE TO APPOINT POSTCONVICTION COUNSEL

Simpson asserts that the district court erred in failing to appoint postconviction counsel to represent him. Under the Nebraska Postconviction Act, it is within the discretion of the trial court to decide whether counsel shall be appointed to represent the defendant. *State v. Oliveira-Coutinho*, 304 Neb. 147, 933 N.W.2d 825 (2019). Where the alleged errors in the postconviction petition before the district court are either procedurally barred or without merit, thus establishing that the postconviction proceeding contained no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint postconviction counsel for an indigent defendant. *Id.* As set forth above, Simpson's claims of ineffective assistance of counsel claims are without merit. Accordingly, the court did not abuse its discretion in denying his request for appointment of counsel.

### VI. CONCLUSION

We conclude that the district court did not err when it denied Simpson's postconviction claims without an evidentiary hearing or when it denied his request to appoint postconviction counsel. Accordingly, we affirm the district court's order.

AFFIRMED.